Monell, J.
On the 27th of March, 1866, John Fettrich filed with the clerk of this county a mechanic’s lien against the defendant William Totten, on six houses on Fifty-fifth street, for two thousand and two hundred dollars, alleged to be due from the defendant on contract for furnishing brown stone for such buildings. On the 9th of May, 1866, the defendant, for the purpose of discharging the lien from his property, deposited the amount claimed with the clerk of the county. In August, 1866, William Fettrich having been appointed receiver of the property of the firm of Irvin & Co. (comprised of James Fettrich John Fettrich, Authur Irvin, and Peter Algie), commenced an action in this court against the defendant, Eichard Totten, to recover a- sum of two thousand one hundred and seventy-six dollars and twenty-five cents alleged to be due upon a contract, or contracts between said Irvin of Irvin & Co., and Eichard Totten for furnishing his brown stone for five houses of the defendant on Fifty-fifth street. That suit is now pending.
A motion is made in such action for an order requiring the clerk of the county to pay to the defendant the sum of two thousand *265 two hundred dollars deposited by him to discharge the mechanic’s lien. And it is alleged on this motion that more than six months have elapsed since the filing of such lien, and that no steps whatever have been taken by John Fettrich, the defendant, to close the lien. And it is also alleged that the arrest by the receiver is to recover the same debt for which the mechanic’s lien was filed. And it is therefore insisted that the institution of the suit was a waiver of the lien. »
I do not see how this motion can prevail. The eleventh section of the mechanic’s lien law provides the only modes in which the lien may be discharged. One of these is by an entry of the clerk made in the book of liens, that a year has elapsed since filing the lien, and that no notice has been given to him of legal-steps to enforce the lien; and another made is by an affidavit stating that thirty days have elapsed since notice was given to the claimant to close the lien, and that the necessary proceedings on his part to do so have not been taken. Reither has a year expired since filing the lien; nor has notice to close the lien been given to the claimant. Hence none of the proceedings, provided by the statute for discharging the lien, have been taken.
I am of opinion that the lien can be discharged only in one of the modes provided by the statute. The whole proceeding is a special one, and such remedies only as are given by the statute can be pursued. A lapse of one year without proceeding, discharges the lien; and a more speedy mode of testing its validity may be had-by a notice to the claimant to close his lien. 1 do not think the court has the power to discharge the lien, and, therefore, it follows, that the bringing a suit (assuming it to be for the same debt, and a waiver of the lien) could not of itself authorize the court to order the lien to be discharged. If so, there clearly is no power to order the .money deposited in lien of the lien to be paid to the defendant.
The motion is denied.